United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40955
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM CONROD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CR-47-ALL-LED
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Conrod entered a guilty plea to a violation of
18 U.S.C. § 472, admitting that he possessed approximately
$21,500 in counterfeit U.S. $100 bills.  Conrod waived the right
to appeal error concerning the substance, procedure, or form of
his conviction and sentence.  Conrod reserved the right to appeal
Sentencing Guideline determinations and the ruling that denied
his motion to suppress evidence discovered during a search of his
car.  The district court sentenced Conrod to five months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment, five months of home detention, and three years of supervised release.

Conrod asserts that the initial stop of his vehicle, his subsequent detention, and the search of his vehicle violated his rights under the Fourth Amendment. We review the district court's findings, including credibility determinations, for clear error; we review the district court's ultimate conclusions on Fourth Amendment issues de novo. United States v. Brigham, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc); United States v. Solis, 299 F.3d 420, 435-36 (5th Cir. 2002). The evidence is construed "in the light most favorable to the prevailing party." Brigham, 382 F.3d at 506 n.2 (citation omitted).

Conrod contends that the State Trooper lacked the mechanical ability to determine his car's speed. He challenges the State Trooper's subjective intent for the stop.

The legality of a traffic stop is examined in accordance with the analysis described in Terry v. Ohio, 392 U.S. 1, 19-20 (1968). Brigham, 382 F.3d at 506. Under Texas law, 70 mph is the maximum speed that a passenger car may travel on a U.S. Interstate. See TEX. TRANSP. CODE § 545.352(b)(2) (Vernon 2005). Evidence presented at the suppression hearing established that Conrod's vehicle was traveling at 76 mph. Conrod has not shown that the district court's finding that the traffic stop was justified is clearly erroneous. See Brigham, 382 F.3d at 506 & n.2; United States v. Duffaut, 314 F.3d 203, 208 (5th Cir.

2002).  The subjective motivation for the stop is irrelevant because there was an objective legal justification for the stop. Whren v. United States, 517 U.S. 806, 812-13 (1996).

Conrod contends that his detention was unlawfully prolonged and that the continued detention was not reasonably related in scope to the initial justification for the stop.  Conrod asserts that the State Trooper unreasonably delayed the initiation of the warrant check and detained him unlawfully after the warrant check revealed that there were no outstanding warrants.

The evidence established that during the six to seven minutes that elapsed after Conrod was pulled over and before a warrant check was initiated, the State Trooper asked Conrod to exit the vehicle and walk over to him, advised Conrod that he had been stopped for speeding, and asked Conrod to produce his driver's license or some identification.  When Conrod revealed that he did not have any identification, the Trooper obtained Conrod's name, his date of birth, the name of the State in which he was licensed to drive, and the reason why Conrod had no form of identification with him.  The State Trooper also asked Conrod and his companion questions concerning their trip.

A police officer may lawfully request to examine a driver's license and may make inquiries concerning the purpose and itinerary of a driver's trip.  Brigham, 382 F.3d at 507-08. The district court did not err in determining that the detention prior to the warrant check was reasonably related to the

circumstances that justified the stop or constituted a graduated response to emerging facts.  See id. at 508-09.

The computer check revealed that Conrod was licensed to drive in another state but that his driver's license had been suspended.  Under state law, the Trooper could not issue an out-of-state driver with a suspended license a citation for speeding; he was required to either arrest Conrod or let him go.  Conrod has not shown that the district court erred in determining that the detention following the warrant check was not unrelated to the justification for the traffic stop.  See Brigham, 382 F.3d at 509 (when officer learned that identification was likely false, he acted reasonably by engaging in further questioning).

Conrod asserts that he did not provide voluntary consent to the search of his car.  He asserts that his answers to the State Trooper's requests for consent were misconstrued and that the audio portion of the tape of the incident was unintelligible.

Conrod admitted that he knew he could refuse to give consent to the search and that he did not object during the search. The district court found that Conrod provided valid consent to the search of his car based on its evaluation of the testimony presented at the suppression hearing, its review of the videotape of the incident, and its determination of the credibility of the witnesses.  Conrod has not shown that the district court's finding that he validly consented to the search of the car was

clearly erroneous.  See United States v. Mendoza-Gonzalez,

318 F.3d 663, 666 (5th Cir. 2003); Duffaut, 314 F.3d at 208.

Conrod has not challenged the search of his briefcase and the validity of his arrest; accordingly, he has abandoned these issues.  See United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.